# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3771SI

_____

| | |
|---|---|
| Nieman's, Ltd., | * |
| | * |
|        Appellant, | *   On Appeal from the United |
| | *   States District Court |
|    v. | *   for the Southern District |
| | *   of Iowa. |
| | * |
| Travelers Insurance Companies and | *   [Not To Be Published] |
| Charter Oak Fire Insurance Company, | * |
| | * |
|        Appellees. | * |

_____

Submitted: April 10, 2000

Filed: April 20, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

The question presented in this diversity case is whether a certain claim brought against the plaintiff-appellant, Nieman's Ltd., by one Andrew H. Olson falls within the language of a policy of liability insurance issued to Nieman's by the defendant-appellee, Travelers Insurance Companies. The District Court[1] granted summary

---

[1]The Hon. Robert W. Pratt, United States District Judge for the Southern District of Iowa.

judgment for Travelers, holding that the claim did not come within the policy language either for purposes of the duty to defend, or for purposes of indemnifying the insured. We agree, and we have little to add to the opinion of the able District Judge. What occurred here was not "advertising injury" as that term is defined in Section V(1)(c), (d) of the policy. Mr. Olson did claim that Neiman's had appropriated a business idea belonging to him, but the idea had nothing to do with advertising. In addition, Mr. Olson claimed that publicity caused by Neiman's destroyed his chances of obtaining a patent, but this conduct, in our view, does not amount to "[i]nfringement of . . . title . . ." as that term is used in the policy.

The precedential significance of this case does not justify a fuller discussion. We affirm, largely for the reasons given by the District Court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.